**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| DAVID J. BOND, as Administrator of the Estate of YVONNE MILLER, Deceased, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION FILE NO. _____ |
| v. | ) ) ) | AS REMOVED FROM THE PORTSMOUTH CIRCUIT COURT |
| QUEEN OF VIRGINIA SKILL & ENTERTAINMENT, LLC, | ) ) ) | NO. CL22-1902 |
| POM OF VIRGINIA, LLC, | ) ) | |
| and | ) ) | |
| PACE-O-MATIC, INC., | ) ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants Queen of Virginia Skill & Entertainment, LLC ("QVS"), POM of Virginia, LLC ("POM VA"), and Pace-O-Matic, Inc. ("Pace-O-Matic") (collectively, "Defendants"), through counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this Action from the Portsmouth, Virginia Circuit Court, in which it was assigned case number CL22-1902, to the United States District Court for the Eastern District of Virginia, Norfolk Division. In accordance with 28 U.S.C. § 1446(a), Defendants respectfully show the Court as follows:

**I. BACKGROUND**

1. On or about April 22, 2022, Plaintiff initiated the Action by filing a Complaint (the "Complaint," attached hereto along with the summonses served upon Defendants as Exhibit A) against Defendants in the Portsmouth Circuit Court in the Commonwealth of Virginia. The

Complaint purports to allege claims for Violation of Va. Code § 8.01-40 "Unauthorized use of Photographs" (Count I), unjust enrichment (Count II), Conversion (Count III), and Defamation (Count IV), and requests $1,000,000 in compensatory damages and $350,000 in punitive damages. Ex. A, Compl. *passim*.

2.      QVS and POM VA were served with the Complaint by the Sheriff on May 11, 2022. Pace-O-Matic was served with the Complaint on May 9, 2022 by service upon the Secretary of the Commonwealth.  A copy of the affidavit of service for Pace-O-Matic is included in Exhibit A. To date, Plaintiff has not filed in the Portsmouth Circuit Court or served upon Defendants any affidavits of service for QVS and POM VA. Moreover, Plaintiff has not filed the certificate of compliance for service of Pace-O-Matic. All materials served upon Defendants by Plaintiff are included in Exhibit A.

3.      Plaintiff is a citizen of the Commonwealth of Virginia. At the time of her passing, Senator Miller was a citizen and resident of the Commonwealth of Virginia. Her estate "is a probated estate in Norfolk, Virginia." Ex. A, Compl. ¶ 3. David J. Bond, as administrator of Senator Miller's estate, is deemed to be a citizen of Virginia pursuant to 28 U.S.C. § 1332(c)(2).

4.      QVS is a Wyoming limited liability company with its principal place of business in Duluth, Georgia. "For purposes of diversity jurisdiction, the citizenship of a limited liability company … is determined by the citizenship of all of its members[.]" *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citation omitted). The members of QVS are citizens of Florida, Georgia, Pennsylvania, and North Carolina. None of its members is a citizen of the Commonwealth of Virginia. Ex. C, Declaration of Paul Goldean, ¶ 2.

- 2 -

5.     POM VA is a Wyoming limited liability company with its principal place of business in Duluth, Georgia. The sole member of POM VA is a citizen of Georgia. The sole member of POM VA is not a citizen of the Commonwealth of Virginia. *Id.*, ¶ 3.

6.     Pace-O-Matic is a Wyoming corporation with its principal place of business in Duluth, Georgia. *Id.*, ¶ 4. For jurisdictional purposes, Pace-O-Matic is deemed to be a citizen of both Wyoming and Georgia. 28 U.S.C. § 1332(c)(1).

7.     True and correct copies of the Complaint and Summonses issued to and served upon Defendants are attached hereto as Exhibit A.

8.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert any defense.

## II.   JURISDICTION & VENUE

9.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties as none of the Defendants are citizens of Virginia, and the amount in controversy exceeds $75,000.00.  *See* Complaint, *Ad Damnum.* Therefore, removal of the Action to this Court is proper under 28 U.S.C. § 1441.

10.    Venue is proper pursuant to 28 U.S.C. §1441(a) because this Court and its Norfolk Division embrace the city of Portsmouth, Virginia.

## III.   REMOVAL

11.    Removal of the Action is timely.  28 U.S.C. § 1446(b)(1) provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  Formal service of process "under state law is necessary to start the removal clock."  *PurAyr, LLC v. Phocatox Techs., LLC*, 263 F. Supp. 3d

632, 635 (W.D. Va. 2016) (citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999)).  Service upon QVS and POM VA was effective on May 11, 2022, and upon Pace-O-Matic on May 9, 2022. Therefore, this removal is timely.

12.    In accordance with 28 U.S.C. § 1446(a), all process, pleadings, and orders from the Action that have been served upon or received by Defendants are attached hereto as Exhibit A.

13.    Upon filing this Notice of Removal, Defendants will serve a written notice on Plaintiff and the Clerk of the Circuit Court for the City of Portsmouth, Virginia, as provided by 28 U.S.C. § 1446(d).  *See* Exhibit B.

14.    All Defendants consent to and join in this notice of removal. Defendants expressly reserve all rights and defenses relating to Plaintiff's claims and requests for relief, including defenses related to service of process.

15.    Attached are the following exhibits, including true copies of the documents filed in the Circuit Court for the City of Portsmouth, Virginia:

> Exhibit A – Summonses and Complaint served upon Defendants and Certificate of Compliance as to service of Pace-O-Matic filed in Portsmouth, Virginia Circuit Court;
>
> Exhibit B – The notice of removal filed by Defendants in Portsmouth, Virginia Circuit Court
>
> Exhibit C – Declaration of Paul Goldean.

**WHEREFORE**, Defendants remove the Action, pursuant to 28 U.S.C. § 1441, from the Circuit Court for the City of Portsmouth, Virginia, to the United States District Court for the Eastern District of Virginia, Norfolk Division, on the basis of this Notice of Removal, respectfully requesting that this Court take jurisdiction of this action for the determination of all issues, trial and judgment, to the exclusion of any further proceedings in the Circuit Court for the City of Portsmouth, Virginia.

Respectfully submitted, this the 31st day of May, 2022.

/s/ Jason C. Hicks
Jason C. Hicks, VSB # 46961
Ian R. Dickinson, VSB # 92736
WOMBLE BOND DICKINSON US, LLP
201 E. Main Street, Suite P
Charlottesville, VA 22902
Tel: 202-857-4463
Jason.Hicks@wbd-us.com
Ian.Dickinson@wbd-us.com

*Attorneys for Defendants Queen of Virginia Skill &
Entertainment, LLC, POM of Virginia, LLC, and Pace-O-
Matic, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed using the CM/ECF system, and a copy of the same was served via United States Mail and email upon:

Frank Kilgore, Esq.
FRANK KILGORE, P.C.
P.O. Drawer 1210
St. Paul, VA 24283
frank@fkilgore.net

Ronald D. Slaven, Jr., Esq.
SLAVEN LAW GROUP, P.C.
308 George Washington Hwy. N., Ste. 1
Chesapeake, VA 23323
ronald@slavenlawgroup.com

*Counsel for Plaintiff*

This 31st day of May, 2022.          /s/ Jason C. Hicks
                                     Jason C. Hicks